982 So.2d 1274 (2008)
Tavaris YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1758.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
*1275 Carey Haughwout, Public Defender, John Pauly, Jr., and Christine Johnson, Assistant Public Defenders, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Tavaris Young appeals the denial of his motion to suppress on the grounds that the evidence was seized after an illegal stop. We reverse the denial of the motion to suppress because the encounter in this case was not consensual and there was no reasonable suspicion or probable cause to justify the stop.
By way of background, Young was walking down the street when Officer Hutchinson exited his patrol vehicle and asked Young to "come here a second." After seeing the officer call and approach him, Young walked away from the officer and moved on to a pathway between two houses. Officer Hutchinson continued to call for Young, when another officer moved to the other side of the pathway, obstructing Young's passage. At this point, Young stopped, turned in Officer Hutchinson's direction and responded to his call. Once Young got closer, Hutchinson smelled marijuana on him. After a search, Hutchinson found twenty baggies of marijuana on Young. Young moved to suppress the marijuana because it was found as a result of an illegal stop. At the motion to suppress hearing, the officer conceded that he had no reasonable suspicion to approach Young. However, the trial court denied Young's motion to suppress because it found the encounter to be consensual.
When determining whether a consensual citizen encounter turns into an investigatory stop or seizure, courts review whether, under the totality of the circumstances, a "reasonable person would feel free to disregard the police and go about his business." State v. R.H., 900 So.2d 689, 692 (Fla. 4th DCA 2005) (internal quotations omitted). In this case, Young expressed a clear desire not to engage in a consensual encounter when he walked away from the officer who was hailing him. See Oslin v. State, 912 So.2d 672, 675 (Fla. 5th DCA 2005) (finding "clear expression of a desire not to engage in a consensual encounter" where the defendant walked away from an officer who shined a light on him, tapped his air horn twice and approached defendant and asked "Hey guys, what's up?"). However, despite the fact that Young walked away, Hutchinson persisted in attempting to engage him. See *1276 id. (finding that defendant was not free to leave when officer persisted on calling the defendant after defendant had tried to walk away). Moreover, Young's movement was restricted by the officer who covered his withdrawal. See Rios v. State, 975 So.2d 488 (Fla. 2d DCA 2007) (encounter ceased to be consensual when back-up officer moved behind defendant to prevent escape after defendant had attempted to walk away); Charton v. State, 716 So.2d 803 (Fla. 4th DCA 1998) (encounter ceased to be consensual when officer prevented the defendant from getting on his motorcycle and riding away). Consequently, we find that a reasonable person would not feel free to leave where, after ignoring one officer and walking away, another officer obstructed their movement while the first officer continued to call them over. Thus, the trial court erred in finding that the encounter was consensual and in denying the motion to suppress.
Reversed and Remanded.
SHAHOOD, C.J., and HAZOURI, J., concur.